UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Emmanuel Garcia (20161216140), | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 21 C 6848 |
| v. | ) |
| | ) Hon. Elaine E. Bucklo |
| Judge Gregory Vasquez, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

For the reasons stated below, this case remains closed.

**STATEMENT**

Cook County Jail detainee Emmanuel Garcia brought this *pro se* suit under 42 U.S.C. § 1983, alleging that his federal rights were violated by the actions of Judge Gregory Vasquez, ASA Jason Poje, and Warden Heath Holland. On May 23, 2022, the Court dismissed Defendants Judge Vasquez and ASA Poje with prejudice and dismissed any claims against Warden Holland without prejudice to raising those claims in the proper venue (the Northern District of Florida). (*See* Dkt. 6.) Plaintiff has now submitted an amended complaint. (Dkt. 10.)

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

As the Court previously explained, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that while serving a 48-month sentence in the Florida Department of Corrections, the State of Illinois lodged a detainer against him. (Dkt. 10, pg. 4.) Plaintiff requested a final disposition of the charges pending against him in Illinois under the Interstate Agreement on Detainers (IAD). (*Id.*) On December 16, 2016, Plaintiff was transferred to Illinois for his first appearance in the Circuit Court of Cook County for case no. 17 CR 0060901. (*Id.*) Cook County Assistant State's Attorney Jason Poje was assigned to his case. (*Id.*) ASA Poje failed to show up to several court dates and could not locate the detainer agreement. (*Id.*, pg. 5.) ASA Poje eventually argued that the IAD did not apply. (*Id.*) Plaintiff requested extradition paperwork from ASA Poje, but ASA Poje gave Plaintiff the wrong Paperwork. (*Id.*, pg. 6.) On October 27, 2020, Plaintiff's counsel filed a motion to dismiss for violation of the IAD. (*Id.*) Plaintiff then sent a request to Warden Holland at the FDOC for a copy of his final disposition, IAD documentation, and temporary custody paperwork, but he never received an answer. (*Id.*) On July 13, 2021, Judge Vasquez denied Plaintiff's motion to dismiss. (*Id.*, pg. 7.) Plaintiff is now seeking injunctive relief.

Plaintiff, however, still fails to state a claim. In Plaintiff's amended complaint, he alleges that his attorney has unsuccessfully moved for dismissal of his pending criminal case in front of Judge Vasquez citing the state trial courts inability to adhere to the IAD. Plaintiff seeks injunctive relief. However, Judge Vasquez and ASA Poje still have absolute immunity as to Plaintiff's claims. In addition, this Court will not interfere in Plaintiff's ongoing criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings); *Miller-Williams v. Howard*, No. 21-2412, 2022 WL 832508, at *1 (7th Cir. Mar. 21, 2022) (unpublished order) ("Federal courts must refrain from taking jurisdiction over federal claims that risk disturbing ongoing state-court proceedings."). This is the case even though Plaintiff contends his federal constitutional rights are being violated as "[m]any a federal issue will arise in the resolution of a proceeding under state law, but the norm is that the state tribunal handles the entire proceeding, with review of the federal question (if one matters in the end) by the Supreme Court rather than a federal district judge." *Nicole K. by next friend Linda R. v. Stigdon*, 990 F.3d 534, 538 (7th Cir. 2021).

In other words, this Court will not address issues raised during Plaintiff's criminal proceedings while those proceedings are ongoing. If Plaintiff is dissatisfied with any rulings in his state court case, he must pursue any available state court remedies as opposed to seeking relief in a federal civil rights action. *See Tibor v. Kane County, Ill.*, 485 F. App'x 840, 841 (7th Cir. 2012) ("*Younger* requires parties to pending state cases to present their contentions, even constitutional ones, to the state judiciary, both trial and appellate"). Accordingly, allowing Plaintiff to proceed on his amended complaint would be futile and this case will remain closed.

Date:  July 21, 2022                              /s/ Hon. Elaine E. Bucklo
                                                  United States District Judge